# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**HUGH J. PINSON,**

    **Plaintiff,**

    **v.**                                       **Case No. 15-CV-678**

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,**

    **Defendant.**

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

The plaintiff, Hugh J. Pinson ("Pinson"), seeks judicial review, pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), of the Commissioner of the Social Security Administration's (the "Commissioner") decision denying her application for Social Security Disability Insurance benefits. (Docket # 1.) This matter is currently before me on Pinson's motion for leave to proceed *in forma pauperis*. (Docket # 4.) From Pinson's affidavit, I conclude that he is unable to pay the fees and costs of starting this lawsuit. Further, the complaint is not legally frivolous or malicious, does not fail to state a claim on which relief may be granted, and does not seeks monetary relief against a defendant who is immune from such relief. Therefore, Pinson's motion for leave to proceed *in forma pauperis* is granted.

## ALLEGATIONS OF FACT

In his petition and affidavit to proceed *in forma pauperis*, Pinson states that he is unmarried. He reports an average monthly income of $914.00 (which consists of $900.00 in SSDI benefits and $14.00 in food stamps) and has no vehicle; residence; intangible assets; or any other valuable

property, though he does have $268.00 in cash or a checking or savings account. (Docket # 4 at 2-4.) He states he has monthly expenses of $676.00. (*Id.* at 5.) Pinson states that he lives in low income housing and sometimes goes to food pantries and gets clothing from church or charity distributions. (*Id.*)

In his complaint, Pinson alleges that the Administrative Law Judge ("ALJ") found he was not disabled. Pinson makes specific allegations regarding the ALJ's decision, including that the credibility determination was improper; the weight accorded to various physicians was not done pursuant to the applicable regulations and law; and that the RFC is improper. (Docket # 1 at 4.) He argues that "substantial evidence does not support the ALJ's decision." (*Id.*)

## DISCUSSION

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a).

Second, the court must determine whether the action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a

claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Based on Pinson's affidavit summarized above, I am satisfied that he is indigent for purposes of the *in forma pauperis* statute.

I next turn to the question of whether Pinson's complaint is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The complaint alleges that the Commissioner denied Pinson Social Security Disability Insurance benefits and that he is appealing from a final administrative decision. (Docket # 1 at 3-4.) Pinson has the right, under 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. Thus, Pinson states a claim upon which relief may be granted.

The standard of review that the district court is to apply in reviewing the Commissioner's decision is whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Ehrhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992). Substantial evidence "means more than a mere scintilla of proof, instead requiring such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ehrhart*, 969 F.2d at 538 (internal quotations omitted). The court, in reviewing the Commissioner's decision, may neither substitute its judgment for the Commissioner's, nor "merely rubber stamp" the Commissioner's decision. *Id.*

The complaint alleges that the Commissioner's decision denying Pinson benefits is not supported by substantial evidence and also makes specific allegations about the ways in which the ALJ erred. (Docket # 1 at 2.) I have not yet had the opportunity to review the evidence (though Pinson did file the ALJ's decision with his complaint); thus, it would be inappropriate for me to decide at this early juncture that Pinson's claims have no basis in either fact or law. Therefore, I find that there may be a basis in law or in fact for Pinson's appeal of the Commissioner's decision and that his appeal may have merit as defined by 28 U.S.C. § 1915(e)(2)(B)(i).

I find that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. I will, therefore, grant the plaintiff's motion for leave to proceed *in forma pauperis*.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 4) is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin this 15th day of June, 2015.

BY THE COURT

 s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge